ORIGINAL



FILED

10/19/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0426

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0426

FILED

OCT 19 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF THE
CONSERVATORSHIP OF:

G.R.R.,

A Protected Person.

ORDER

This Court reviews briefs to ensure compliance with the Montana Rules of Appellate Procedure. After reviewing the Appellant's opening brief filed on October 16, 2020, this Court has determined that, for the third time, the brief does not comply with the Rules and must be resubmitted.

M. R. App. P. 10(6) requires that parties filing documents with the Clerk of the Supreme Court shall use initials when referencing the names of parties in any proceeding under Title 72, Chapter 5, part 3 (Guardians of Incapacitated Persons). There remain numerous references to the name of the protected person throughout the Appellant's opening brief, including the full name on the cover page, which must be removed and replaced by initials.

M. R. App. P. 11(3)(b) requires briefs to be double spaced. Sections of Appellant's opening brief are still not double spaced.

M. R. App. P. 12(1)(c) requires a statement of the case. The statement shall first briefly indicate the nature of the case and its procedural disposition in the court below. Only that procedural background which is relevant to the issue or issues raised shall be included in the statement of the case. Appellant's opening brief does not include a statement of the case.

M. R. App. P. 12(1)(d) requires a statement of facts relevant to the issues presented for review, with specific references to the pages or the parts *of the record* at which material facts appear. Appellant's opening brief includes a litany of assertions not

cited to the record.

M. R. App. P. 12 (1)(e) requires a statement of the standard of review as to each issue raised, together with a citation to authority. The standard of review section of the Appellant's opening brief does not include citations to appropriate authority such as caselaw or statutes.

M. R. App. P. 12(1)(g) requires an argument section, which contains the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on. Appellant's opening brief does not include an argument section.

M. R. App. P. 12(1)(h) requires a short conclusion stating the precise relief sought. Appellant's opening brief still does not contain a short conclusion stating the precise relief sought.

Therefore,

IT IS ORDERED that the signed original of the referenced brief be returned for revisions necessary to comply with the specified Rules;

IT IS FURTHER ORDERED that, given this is the third deficiency order, failure to revise this deficient brief in accordance with these rules may result in summary dismissal;

IT IS FURTHER ORDERED that a signed original and nine copies of the revised brief ordered herein be filed within ten (10) days of the date of this Order with the Clerk of this Court and that one copy of the revised brief be served on each counsel of record;

IT IS FURTHER ORDERED that no changes, additions, or deletions other than those specified in this Order may be made to the brief as originally filed;

IT IS FURTHER ORDERED that the postage costs for returning the referenced copies of Appellant's brief will be billed to Appellant by the Clerk of this Court and shall be due and payable upon receipt; and

IT IS FURTHER ORDERED that the times for any subsequent briefing contained in M. R. App. P. 13 shall run from the date of filing of the revised brief.

The Clerk of this Court is directed to mail a true copy of this Order to Appellants and to mail a true copy of this Order to all counsel upon whom the brief was served.

DATED this 19 day of October, 2020.

For the Court,

By *[signature]*

Justice Dirk Sandefur